1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  MOLLY A. SMOLEN (CABN 293328)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6779
7      FAX: (415) 436-7234
       molly.smolen@usdoj.gov
8
   Attorneys for United States of America
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 20-CR-0026 RS |
| Plaintiff, | [PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | |
| JOSE CALIX, a/k/a DAVID MEDINA-GUERRERO, | |
| Defendant. | |

On January 23, 2020, an Indictment was filed in the Northern District of California charging the defendant, Jose Calix, a/k/a David Medina-Guerrero, with one count of violating Title 21 United States Code, Section 841(a)(1) and (b)(1)(C) – Distribution of Cocaine Base, stemming from an incident occurring on or about January 7, 2020. Defendant made his initial appearance and was arraigned on his Indictment in the Northern District of California on January 28, 2020, and the Court held a detention hearing on February 5, 2020.

At the detention hearing, the defendant was present and represented by Assistant Federal Public Defender Jerome Matthews. A United States Pretrial Services Agency Officer was also present at the hearing. Pretrial Services submitted a report that recommended detention on the grounds of risk of non-appearance and danger to the community. The government moved for detention, and the defendant

1  opposed. The parties submitted proffers and arguments.

2  Upon consideration of the court file and the parties' proffers at the detention hearing, the Court
3  finds by a preponderance of the evidence that no combination of conditions will reasonably assure the
4  defendant's appearance as required and by clear and convincing evidence that no condition or
5  combination of conditions will reasonably assure the safety of the community. Accordingly, the Court
6  orders the defendant detained pending trial.

7  This Order supplements the Court's findings at the detention hearing and serves as written
8  findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

9  The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining
10  whether pretrial detention is warranted. In coming to its decision, the Court has considered those
11  factors, paraphrased below:

12  (1)  the nature and seriousness of the offense charged;

13  (2)  the weight of the evidence against the person;

14  (3)  the history and characteristics of the person including, among other considerations, ties to
15  the community, employment, past conduct and criminal history, and record of court appearances;
16  and,

17  (4)  the nature and seriousness of the danger to any person or the community that would be posed
18  by the person's release.

19  *See* 18 U.S.C. § 3142(g).

20  After considering all of the facts and proffers presented at the hearing, including the information
21  contained in the Pretrial Services report, the Court finds, by a preponderance of the evidence, that no
22  condition or combination of conditions will reasonably assure the defendant's appearance as required
23  and, by clear and convincing evidence, that no condition or combination of conditions will reasonably
24  assure the safety of the community, including because of: including because of: (1) the nature and
25  circumstances of the offense charged; (2) the defendant's lack of ties to the community and his ties to
26  Honduras; (3) the defendant's lack of a stable residence; and (4) the lack of appropriate sureties.
27  However, should appropriate sureties be located, the Court will reconsider potential placement in a
28  halfway house or at a residential drug treatment facility.

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
20-CR-0026 RS

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

February 5, 2020

HON. JOSEPH C. SPERO
Chief United States Magistrate Judge